```
           IN THE UNITED STATES DISTRICT COURT FOR
             THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


GEICO GENERAL INSURANCE COMPANY                          PLAINTIFF

VS.                         CIVIL ACTION NO. 5:15-cv-69(DCB)(MTP)

PAUL LEAKE and SHARON LEAKE                             DEFENDANTS
```

                               ORDER

This cause is before the Court on the defendants' motion to dismiss **(docket entry 5)**.  Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

This is a declaratory judgment action filed by plaintiff Geico General Insuance Company ("Geico") against its insureds, Paul and Sharon Leake.  In its Complaint, Geico pleads that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Geico is incorporated and has its principal place of business in the State of Maryland, the defendants are residents of the State of Mississippi, and the amount in controversy exceeds $75,000. Specifically, the Complaint alleges that Paul Leake, the driver of the automobile and the only injured party, claims actual damages of $44,000 for medical expenses and lost wages, plus a claim for pain and suffering as a result of his injuries.

After this action was filed, Paul Leake submitted a sworn affidavit in which he affirms that he is not seeking any damages in excess of $75,000, that the value of his claims does not exceed

$75,000, and that he will not accept any sum greater than $75,000 for his injuries.  Docket Entry 5, Exhibit 1.

Based on the affidavit, Geico concedes that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.  Plaintiff's Response, ¶ II.  The Court therefore finds that the motion to dismiss shall be granted.  Accordingly,

IT IS HEREBY ORDERED that the defendants' motion to dismiss **(docket entry 5)** is GRANTED.  A Final Judgment dismissing this case for lack of subject matter jurisdiction shall be entered of even date herewith.

SO ORDERED, this the 23rd day of October, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE